This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Jasper Liggins appeals from his conviction in the Summit County Court of Common Pleas on one count of robbery, in violation of R.C. 2911.02(A)(2). We affirm.
On the evening of June 26, 1998, appellant entered a Value City department store in Akron, Ohio, with a friend. Appellant went to the shoe department, where he took a pair of athletic shoes from a box, removed the price tags, and put the shoes on. He then put his old shoes in the box and left the store without paying for the shoes he was wearing.
Appellant's actions were witnessed by the store's loss prevention manager, Royce Honaker. Honaker then had another store employee, Jason Frazier, accompany him as he went to confront appellant. Both Honaker and Frazier pursued appellant as he left the store.
Appellant quickly attempted to leave the area. Honaker then stepped in front of appellant and confronted him about the pilfered shoes. Appellant attempted to run away, but Honaker grabbed him around the waist. Appellant flailed about with his arms and legs as Honaker attempted to wrestle him to the ground. Frazier then stepped in and took appellant's legs out from under him, knocking appellant to the ground. However, appellant managed to stand up again. After further struggle and the assistance of an assistant manager of the store, appellant was handcuffed. In the scuffle, appellant struck Honaker in the face with his elbow. Also, Honaker's knees received several scrapes, and the corresponding areas on Honaker's blue jeans were badly damaged.
Appellant was indicted on one count of robbery, and he pleaded not guilty. A bench trial was held on September 11, 1998. After hearing the testimony of the three store employees involved, a police officer, and appellant, the trial court found appellant guilty and sentenced him to one year of unsupervised community control. This appeal followed.
In his sole assignment of error, appellant argues that there was insufficient evidence to support his conviction. However, we note that appellant did not move for acquittal pursuant to Crim.R. 29 at any time during his trial. A defendant may not challenge the sufficiency of the evidence on appeal unless he moved for acquittal at trial. See State v. Pantic (May 26, 1999), Summit App. No. 18963, unreported, at 3. Because he failed to preserve this issue below, appellant may not raise it here for the first time.
Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT
SLABY, P.J., WHITMORE, J., CONCUR